UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Case No. 01-cr-00148-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JOYCE ARNOLD,

    Defendant.

_____

**ORDER**
_____

    THIS MATTER comes before the Court on the Defendant's *pro se* motion for modification or reduction of sentence 18 U.S.C. § 3582(c)(2) (docket #135), filed January 28, 2009. After carefully reviewing the relevant pleadings in this matter, I find that Defendant's *pro se* motion should be denied.

    Upon receipt of the motion, I appointed CJA counsel, Thomas R. Ward, to represent the Defendant in this matter. Additionally, I ordered counsel for the Defendant and the Government to file a notice with the Court indicating whether the Defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Both defense counsel and the Government filed notices with the Court stating that the Defendant is not eligible for a sentence reduction because she was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Specifically, counsel for the Government and defense counsel reviewed the Defendant's Presentence Investigation

Report, the plea agreement of the parties and all other relevant documents generated in the prosecution and defense of the case.

The parties confirmed that the Defendant was sentenced on November 29, 2001, after a jury found her guilty of Count One of the Indictment, a violation of 18 U.S.C. §922(g)(1) and 924(e)(1), Possession of a Firearm by a Convicted Felon and Armed Career Criminal. I applied the mandatory Sentencing Guidelines in sentencing the Defendant. I determined that the Defendant's base offense level was 24, and I applied a 4-level enhancement under § 2K2.1(b)(5). See *United States v. Arnold,* 43 Fed.Appx. 232 (10th Cir. 2002). The Defendant's criminal history category was V, making the applicable sentencing guideline range 130-162 months. Because the statutory maximum sentence for a violation of 18 U.S.C. § 922(g) is 10 years, I sentenced the Defendant to a term of imprisonment of 120 months.

In her *pro se* motion, Defendant argues that she is entitled to relief under Section 3582(c)(2) based on Amendment 599 to the United States Sentencing Guidelines, which she contends is a post-sentencing change to the Guidelines. (Mot. at 1.) However, Amendment 599 took effect before I sentenced the Defendant. The amendment was effective on November 1, 2000, and was included in the 2000 edition of the Guidelines Manual on which I relied in connection with Defendant's November 29, 2001 sentencing hearing. See U.S.S.C. Guidelines Manual, App. C, Vol. II, at 69-71 (Amendment 599); U.S.S.C. Guidelines Manual (Nov. 2000) (incorporating amendments effective November 1, 2000); Memorandum of Sentencing Hearing and Report of Statement of Reasons (Dec. 3, 2001), at 9 (citing November 2000 version of Guidelines

Manual). Thus, Amendment 599 did not "subsequently" lower the applicable sentencing range, as would have been necessary for the Defendant to be entitled to relief under Section 3582(c)(2).

Moreover, Amendment 599 is not relevant to the sentence I imposed on the Defendant. I applied U.S.S.G. § 2K2.1 in sentencing the Defendant for a violation of 18 U.S.C. § 922(g)(1). See Amended Judgment in a Criminal Case (Nov. 30, 2005), at 1; Presentence Investigation Report (Oct. 12, 2001), at 5; Memorandum of Sentencing Hearing and Report of Statement of Reasons (Dec. 3, 2001), at 6-7. In contrast, Amendment 599 affects the commentary to U.S.S.G. § 2K2.4, which applies to violations of 18 U.S.C. §§ 844(h), 924(c), and 929(a). U.S.S.C. Guidelines Manual, § 2K2.4 (Nov. 2000). Defendant was convicted under 18 U.S.C. § 922(g)(1), not under 18 U.S.C. §§ 844(h), 924(c), or 929(a), and thus, I did not apply U.S.S.G. § 2K2.4 in sentencing the Defendant. Thus, the changes made by Amendment 599 to the commentary to U.S.S.G. § 2K2.4 did not impact the sentencing range I considered in sentencing the Defendant, and do not justify a reduced sentence under 18 U.S.C. § 3582(c)(2). Thus, Defendant's *pro se* motion for a sentence reduction is denied. Accordingly, it is

ORDERED that Defendant's *pro se* motion for modification or reduction of sentence 18 U.S.C. § 3582(c)(2) (docket #135), filed January 28, 2009, is **DENIED** for the reasons stated in this Order.

Dated: May 8, 2009

                                    BY THE COURT:

                                    s/ Wiley Y. Daniel
                                    Wiley Y. Daniel
                                    U. S. District Judge